UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN SWINTON,

      Petitioner,

v.                                  Case No. 04-72672

CARMEN PALMER,               Honorable Patrick J. Duggan

      Respondent.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on SEPTEMBER 7, 2005.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Jonathan Swinton, a pro se prisoner currently confined at the Riverside

Correctional Facility in Ionia, Michigan, filed a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 on July 19, 2004. On June 25, 2005, Respondent, Carmen

Palmer, filed a Motion to Dismiss. On July 14, 2005, this Court referred the Petition for

Writ of Habeas Corpus and the entry of any preliminary orders to Magistrate Judge

Donald A. Scheer.

On July 28, 2005, Magistrate Judge Scheer issued a Report and Recommendation

(R&R) recommending that the Court dismiss the Petition because Petitioner failed to file

his claims within the applicable one-year period of limitations set out in the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA").   On August 10, 2005, Petitioner

filed an objection to the R&R.

**STANDARD OF REVIEW**

The parts of the R&R to which Plaintiff objects will be reviewed by the Court *de*

*novo*.  *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich.

2001).  However, the Court "is not required to articulate all of the reasons it rejects a

party's objections."  *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92

(6th Cir. 1986).

**DISCUSSION**

The R&R concludes that Petitioner failed to file his habeas petition within the one

year time period as set out in the AEDPA.  *See* 28 U.S.C. § 2244(d)(1).

In this case, on August 22, 1997, Petitioner pleaded guilty to second degree murder

and on October 3, 1997, he was sentenced to 25 to 60 years in prison.  On May 27, 1998,

Petitioner filed a pro per motion to withdraw his plea with the circuit court.  The circuit

court denied the motion on June 3, 1998.  Petitioner filed a delayed application for leave

to appeal the denial with the Michigan Court of Appeals.  *See People v. Swinton*,

Michigan Court of Appeals No. 212606.  On August 28, 1998, the Michigan Court of

Appeals dismissed the application as untimely.  On February 1, 1999, the Michigan

Supreme Court rejected Petitioner's application for leave to appeal as untimely.  (Def.'s

Mot. to Dismiss, Ex. B).

On August 16, 1999, Petitioner filed a second motion to withdraw his guilty plea

with the circuit court.  On October 19, 1999, the circuit court denied the motion.

Petitioner again filed an application for leave to appeal the denial with the Michigan Court of Appeals.  *See People v. Swinton*, Michigan Court of Appeals No. 223032.  On August 14, 2001, the Michigan Court of Appeals affirmed Petitioner's conviction.  On October 11, 2001, the Michigan Supreme Court rejected Petitioner's application for leave to appeal as untimely.  (Def.'s Mot. to Dismiss, Ex. D).  Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

The AEDPA provides, in pertinent part:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)    the date on which the judgment became final by the conclusion of direct review of the expiration or the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Swinton's petition does not allege that the State created any impediment to his filing of the petition, and does not rely on any new constitutional rule or newly discovered factual predicate. *See* 42 U.S.C. §§ 2244(d)(1)(B)-(D). Thus, AEDPA period of limitations ran from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review pursuant to 42 U.S.C. § 2244(d)(1)(A). Consequently, Swinton's conviction became final on October 9, 2001 at the conclusion of direct review or the expiration of the time for seeking such review–56 days after the Michigan Court of Appeals issued its August 14, 2001 opinion affirming his conviction, *see* MCR 7.302C(2). Therefore, Petitioner had until October 9, 2002 to file his habeas petition pursuant to the AEDPA statute of limitations. However, Petitioner did not file his habeas petition until July 19, 2004.[1]

In his objection to the R&R, Petitioner contends that the Court should use its equity powers to toll the AEDPA's one year limitations period because Petitioner was unable to comply with the period due to illiteracy and mental illness.

First, the Court rejects Petitioner's argument that Petitioner's illiteracy should toll the state of limitations. The Sixth Circuit has clearly held:

[W]here a petitioner's alleged lack of proficiency in English has not prevented

---

[1] Although Petitioner filed a post-conviction motion for relief from judgment with the circuit court on October 10, 2002 and 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed state post-conviction motion is pending shall not be counted toward any period of limitations, *see Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000), Petitioner does not dispute that the government's claim that, at the time this motion was filed, the AEDPA limitations period had already expired. Therefore, Petitioner's filing of October 10, 2002 post-conviction motion did not re-set the statute of limitations. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2000).

4

the petitioner from accessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations.  An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

In this case, although Petitioner requested additional time within which to file a response to Respondent's Motion to Dismiss in a February 22, 2005 letter addressed to Magistrate Judge Scheer because he is "dependent upon others to help me and there has been a little bit of a delay," Petitioner's illiteracy did not prevent him from filing a number of pleadings in the state court, filing a 32-page Petition for Writ of Habeas Corpus in this Court, and filing an objection to the R&R.  Even assuming Petitioner received assistance in understanding the proceedings and drafting these documents, he was clearly able to communicate with someone who could help him.  Therefore, the Court does not believe that Petitioner's illiteracy is a reason to toll the one year statute of limitations for over twenty months.

Second, the Court does not believe that Petitioner's mental illness should toll the statute of limitations.  The Sixth Circuit has held that "[i]llness– mental or physical– tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."  *Price v. Lewis*, 119 Fed.Appx. 725, 726 (6th Cir. 2005); *see also Nowak v. Yukins*, 46 Fed.Appx. 257, 259 (6th Cir. 2002) (finding that, for the doctrine of equitable tolling to apply to the AEDPA limitations period, the petitioner must make a showing of incompetence and demonstrate that the alleged incompetence affected the petitioner's ability to file a timely habeas petition).  In this case, Petitioner

5

has failed to present the Court with any documentation that he is mentally ill.  Moreover,

Petitioner has failed to demonstrate how his mental illness affected his ability to file a

timely habeas petition.  Consequently, the Court will not apply equitable tolling to the

AEDPA limitations period based on Petitioner's mental illness.

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and

Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED.**


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Magistrate Judge Donald A. Scheer
Raina I. Korbakis, AAG

Jonathan Swinton, #259631
Riverside Correctional Facility
777 West Riverside Drive
Ionia, MI 48846